Reese, J.
delivered the opinion of the court.
This is a motion, founded upon the act of 1835, chapter 19, section 6, against Felix R. Raines, sheriff of Davidson county, for an alleged “insufficient” return, on an execution sued out, by the defendant in error, from the circuit court of Davidson county, against Bell, Robinson, Cheatham and Brown. The execution was issued the 30th of June, 1841, bearing test of the 2d Monday of May, 1841, and returnable to the 2d Monday of September, (13th,j 1841. It was received by the sheriff on the day of its issuance, and the sheriff in his return states, that it was levied the 1st of September, 1841, upon one negro man named Lewis, one boy named Ben, one negro woman and child, and that he took bond for the deliver/of the same on the 13th September, 1841, at the market-house in Nashville, with S. W. Napier security, which was forfeited, and therewith filed the 13th of September, 1841. It was proved before the circuit court, that Brown, one of the defend *450 ants in the execution, had from the 30th of June to the I3th of September, 1841, unencumbered personal property sufficient to satisfy the execution.
For the plaintiff in error, it is urged, that the return is legally sufficient, because it shows that the sheriff levied upon property apparently adequate to the satisfaction of the execution, in time to make a sale; that he took bond, as it was his- duty to do, if required of him, for the delivery of the property, which being forfeited, constituted a good legal reason why the money was not made; that the return being legally sufficient, is a full answer to the motion ; for that if it can be inferred, from the sheriff’s i’eturn, or otherwise proved, that greater diligence would have made the money, the negligence of the sheriff, may constitute a ground of action against him, not of a motion under the statute. That the legislature intended to hold the sheriffliable, on motion, in cases only where the falsehood or insufficiency of the return appeared upon the face of the return itself, and not to make the motion a substitute for the common law remedy by action for negligence, or for a false return. That if they had so intended, it would have been impairing the right of trial by jury, and would have been a violation of the.constitution.
On the other side it is said, that a return is insufficient, where, from the return itself, it appears probable, prima facie, that greater diligence would have made the money; that here the sheriff might have levied before the 1st of September, or if the state of his business would have prevented him, he might and ought to have shown what that state of business was, in the return itself, so as to make that appear.
We think the argument is with the plaintiff in error.
If the levy had been made the 1st of July, the sheriff might indeed have sold in ten days, but he was not bound, so far as liability to this motion is concerned, to do so ; he might then have taken a bond, to deliver the negroes on the 13th September. If the return be not insufficient in point of law, that is, if it show an adequate legal reason why the money was not made, a motion will not lie; if it be thought, notwithstanding his return, that the sheriff has not used proper diligence, or that he has been guilty of negligence, the the remedy is by action.
Let the judgment be reversed.